Thomson v. Wales et al.

---

THOMSON v. WALES AND MOOR.

No appeal lies from the decision of a lower court on a book debt action, if the sum alleged as debt, does not exceed £20, although the sum demanded in damages, exceed that sum.

ERROR from the Court of Common Pleas.   Thomson brought his action of book-debt against Wales and Moor, administrators on the estate of James M'Neil, declaring for a debt of £20 and demanding in damage £24.   The general issue was plead, and judgment for the defendant.   The plaintiff moved for an appeal, which was denied.

The error assigned was, that the sum demanded being more than £20 the plaintiff was entitled to an appeal; for the court could not determine that the jury would not find more than £20 or even the whole sum demanded, in damage.

Judgment affirmed.

By the COURT.   No appeal lies.   The words of the statute granting appeals, are, " in which the value of the debt, damage, or matter in dispute, doth exceed the value of £20," etc.   In this case the debt demanded, which is laid at £20 only, is the matter in dispute; and the conclusion in damages but a matter of form.   And if interest is to

be challenged in an action of book debt, it is regularly to be charged, and made parcel of the debt alleged, that the adverse party may have notice of it upon oyer; and we have no practice of entering a judgment for a sum in debt, and a further sum for interest or damages, for the detention of the debt. The £20 the sum alleged as debt in this case, is all that judgment could have been given for, and was the whole matter in dispute.

Dyer, J., dissenting. The statute limits to a final decision of the Court of Common Pleas, such actions wherein the matter in demand does not exceed the value of £20. The magnitude of the demand, is to be ascertained by the jury, and not by the court, unless by agreement of parties; and since the plaintiff, in this action, has demanded a sum for interest or damage, exceeding the stated debt, the question, whether he shall recover more than the debt so stated, he has a right to have determined by jury; and until that is determined, the court cannot legally deprive the party of an appeal.